[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both the plaintiff and defendant have filed motions to modify an existing award of alimony, in the amount of $225 per week to the benefit of the plaintiff, issued as part of a final decree of dissolution, dated August 2, 1982, terminating their erstwhile marriage.
As of the date of the dissolution, the parties had been married for twenty-nine years. The plaintiff is now sixty-two years old, and the defendant is now sixty-three years of age. A separation agreement was specifically incorporated by the trial court into its final judgment. Paragraph four of said agreement recognized that the plaintiff, who did little work outside the home at the time of the agreement, was about to embark on a new career as a psychotherapist. This paragraph provided that any additional income arising from her new vocation would not be considered as a factor in a motion to modify alimony until such income became "significant or fairly substantial."
The last financial affidavits of the parties filed with the court just before the dissolution indicate that, at that time, the plaintiff had no earned income and the defendant earned about $30,000 per year in net wages. The financial affidavits of the parties filed with the court in conjunction with the hearing on the motions sub judice disclose that the plaintiff now has about $14,000 per year net income, and that the defendant nets about $55,000 per year. The defendant has remarried, and his wife is retired.
Having considered the factors set forth in Connecticut General Statutes Sections 46b-82 and 46b-86, the court finds that, while the plaintiff's additional income is "significant" and has, therefore, been considered by the court, the relative financial positions of the parties remains substantially unchanged since the award. The motions for modification are denied because the movants have failed to establish a substantial change in circumstances warranting modification. While the plaintiff's income has risen, so has the defendant's ability to pay $225 per week alimony, a fixed sum whose buying power has decreased over the last eleven years. The court also declines to award attorney's fees to either party. CT Page 9106
BY THE COURT,
Samuel J. Sferrazza Judge, Superior Court